748 A.2d 115 (2000)
329 N.J. Super. 385
Adel HANNA and Sophie Hanna, Guardians ad litem of Christopher Hanna, an infant, and Adel Hanna, individually, and Sophie Hanna, individually, Plaintiffs-Appellants,
v.
Ronald STONE and Theresa Stone, Defendants-Respondents,
and
Richard Bruno, Richard Bruno, Sr., and Cynthia Bruno, Defendants.
Superior Court of New Jersey, Appellate Division.
Argued March 14, 2000.
Decided March 31, 2000.
*116 Marianne Zembryski, Clark, for plaintiffs-appellants (Mackevich, Burke & Stanicki, attorneys; Ms. Zembryski, on the brief).
Randi S. Greenberg, Piscataway, for defendants-respondents (Robert A. Auerbach, attorney, Morganville; Ms. Greenberg, of counsel and on the brief).
Before Judges PRESSLER, KIMMELMAN and CIANCIA.
The opinion of the Court was delivered by CIANCIA, J.A.D.
During the course of a teenage birthday party one boy struck and injured another boy. The issue presented in this appeal is whether summary judgment was properly granted in favor of the parents who were hosting the party in their home. We hold that it was.
Defendants Ronald and Theresa Stone permitted their son Ronnie to have a fourteenth birthday celebration in their home. Approximately forty or fifty written invitations were issued by Ronnie to his friends from school and the neighborhood. Although the Stones did not know each invitee personally, their son did. It appears most invitations were accepted. The function began around 7:30 p.m., and with one possible exception, only invited guests were in attendance. The teenagers were in different parts of the house but the party was concentrated in the basement, where it was estimated that approximately thirty teenagers were present at the time of the incident. The basement itself consisted of two rooms, one approximately twenty feet by twelve feet and one slightly smaller. There was a "full size" pool table in the larger room and a disc jockey hired by the Stones for the occasion was in the smaller room. Mrs. Stone was in and out of the basement five or ten times before the incident in question. Mr. Stone apparently only went into the basement on perhaps two or three occasions.
The party had been in progress uneventfully for approximately one and one-half or two hours when one boy struck another boy in the face causing injury and eventually leading to the present litigation. Although unknown to Mr. and Mrs. Stone, approximately five or six months before the party these two boys had had words on a school bus and a day or two later had entered into some voluntary fisticuffs outside school near a basketball court.
Plaintiffs Adel Hanna and Sophie Hanna as parents of the child struck at the party and in their individual capacities, sued the Stones as well as the teenager who struck the blow and his parents, Richard and Cynthia Bruno. The litigation with the Brunos and their son was eventually resolved. The theory of liability against the Stones was a negligent failure "to properly supervise all visitors and invitees on the premises for the birthday party." The motion judge concluded that the Stones had breached no duty they might have owed to the Hannas' son and granted judgment in favor of those defendants. We agree with the motion judge's ruling, although our rationale is slightly different.
On the facts presented we find no support in our case law for the proposition that parents of a minor teenager have a duty to supervise the friends of that teenager when they congregate for a social occasion at the parents' home. With that absence of legal support comes the concomitant conclusions that, contrary to plaintiffs' urgings, parents have no absolute duty to be constantly present among the teenagers at a social function and no duty to check the background and relationships of the invitees before issuing birthday invitations. *117 On the other hand we disagree with defendants' position that the duty owed was limited to that which a social host owes to a social guest, a mere licensee. That duty requires only that the hosts refrain from willful injury or active wrongdoing and warn of known risks that are not apparent or known to the licensee. Berger v. Shapiro, 30 N.J. 89, 97-98, 152 A.2d 20 (1959). Such a classification is perhaps useful in dealing with a condition of property, but here the primary focus must be on the activity conducted on the premises. In regard to activities, the duty of the person conducting the activity, such as parents sponsoring a party for their son, is "simply to use reasonable care in all the circumstances." Cropanese v. Martinez, 35 N.J.Super. 118, 122-23, 113 A.2d 433 (App.Div.1955) (quoting Dunster v. Abbott, 2 All Eng. L.R. 1573, 1574 (Ct.App.1953)). On the facts here presented we are satisfied that a reasonable jury could not find that the Stones had breached their duty of reasonable care. Brill v. Guardian Life Ins. Co. of America, 142 N.J. 520, 666 A.2d 146 (1995).
It is helpful to keep in mind what is not involved in the present case. This is not a situation where a parent has failed to supervise his or her own child and that failure has resulted in injury to others. See, e.g., Witter by Witter v. Leo, 269 N.J.Super. 380, 635 A.2d 580 (App.Div.), certif. denied, 135 N.J. 469, 640 A.2d 851 (1994), and Morella v. Machu, 235 N.J.Super. 604, 563 A.2d 881 (App.Div.1989). Nor do we have a situation where parents permitted liquor or drugs to be served to minors. No precursor event occurred that evening to put the parents on notice of animosity between particular guests. The basement may have been overcrowded but that condition played no apparent role in the injury to the Hannas' son. Indeed the blow was struck, it seems, because of preexisting ill-will between the two boys.
Nothing in the record supports the claim that the defendants did something or failed to do something that helped to bring about the injury in question. The Stones innocently brought together two teenagers who had a history of mutual dislike, but in our view there was no legal obligation upon them to conduct background checks of the guests either by questioning their son or otherwise. The record indicates that defendants' son had always had birthday parties and there had never been any trouble. The Brunos' son was known to defendants and he had never caused any trouble at defendants' house. Moreover, even if defendants had known that the two boys had had a fight in the school yard approximately five months prior to the party, that information without more would not have made foreseeable the single punch thrown at their son's birthday party. See Rivera v. Columbus Cadet Corps of America, 59 N.J.Super. 445, 158 A.2d 62 (App.Div.), certif. denied, 32 N.J. 349, 160 A.2d 847 (1960); Doktor v. Greenberg, 58 N.J.Super. 155, 155 A.2d 793 (App.Div.1959), certif. denied, 31 N.J. 548, 158 A.2d 450 (1960).
Although apparently not yet adopted by New Jersey case law, the Restatement (Second) of Torts, § 318 (1965), is consistent with our determination. That section provides that a person who permits others to use land in his possession is, if present, under a duty to exercise reasonable care to control the conduct of the third person, so as to prevent him from intentionally harming others or from so conducting himself as to create an unreasonable risk of harm to others, if the person in possession of the property (a) knows or has reason to know that he has the ability to control the third person and (b) knows or should know of the necessity and opportunity for exercising such control. Assuming defendants had the ability to control a particular guest at their son's party, there was no evidence from which a reasonable jury might conclude that they knew or should have known that there was a necessity and opportunity for exercising such control.
*118 The order dismissing plaintiffs' complaint against Ronald and Theresa Stone is affirmed.