862 A.2d 572 (2004)
373 N.J. Super. 501
Stanley J. SUSSMAN and Marcy B. Sussman, Plaintiffs-Appellants,
v.
Robert Wayne MERMER and Mary Mermer, Defendants-Respondents.
Superior Court of New Jersey, Appellate Division.
Telephonically Argued November 18, 2004.
Decided December 21, 2004.
*573 Mark J. Molz, Hainesport, argued the cause for appellants (Mr. Molz, attorney; Stephen Cristal, on the brief).
Donald Caruthers, III, Marlton, argued the cause for respondents (Styliades, Jackson and Dimeo, attorneys; Mr. Caruthers, on the brief).
Before Judges SKILLMAN, PARRILLO and GRALL.[1]
The opinion of the court was delivered by
PARRILLO, J.A.D.
Plaintiff, Stanley J. Sussman, appeals from a summary judgment dismissing his personal injury negligence complaint against defendants, Robert and Mary Mermer.[2] We reverse and remand, finding a genuine issue of material fact as to whether defendant-homeowners' conduct breached the standard of care.
Viewing the evidence most favorably to plaintiff, R. 4:46-2(c); Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540, 666 A.2d 146 (1995), the facts are as follows. On the evening of June 21, 2000, defendants hosted a graduation party for their son at their Cherry Hill home. They had invited plaintiff, who lived around the corner, close to the back of their home. Plaintiff arrived at the party at about 8:00 p.m., entering through the back door, and stayed for two or three hours. Upon leaving the party, plaintiff, unaccompanied, exited via the front door, descending one step onto an exterior porch and then down another step leading to a cement pathway. However, as he descended the second step, plaintiff slipped and fell to the ground, fracturing his right elbow.
*574 It was dark outside at the time. Although the porch is illuminated by two motion-activated 100-watt light fixtures positioned on either side of the front door, the lights had not been turned on when the accident occurred, and no warnings were given. And while plaintiff had visited defendants' home on at least three or four previous occasions to celebrate family events, he does not recall ever walking onto the front porch.
Plaintiff's expert, a professional engineer, inspected the area of the fall. He concluded that the porch-walkway setup was a hazardous condition and in violation of building codes, citing inadequate lighting, dimensionally non-uniform steps, and the lack of a railing or handrail. Despite the expert's report, which was the subject of an unsuccessful defense motion in limine to suppress, the motion judge ultimately granted summary judgment in favor of defendants, reasoning:
Plaintiff's expert indicates in his report the defendants' property was hazardous because of inadequate lighting, steps that were dimensionally non-uniform and single step separated by platforms in lieu of ramps, however plaintiff had been to the home before and was a neighbor of the defendants. Defendants owe no greater duty to the plaintiff as a social guest than they do for themselves.
Further, plaintiff has some responsibility ... where he ... says that he cannot see a step. The step was not in a place it would not be expected. That is, it was a step coming off of a porch. It was a single step. It's not related to the other step so there's no question that they should be uniform.
There was nothing inherently hazardous in the area. [A]s a social guest the owner of the property is not a guarantor of ... a social guest's safety and, therefore, the Court finds that there are no genuine issues of material fact and the motion is granted.
On appeal, plaintiff contends that the facts are sufficiently contested as to foreseeable harm and whether the standard of reasonable care has been breached to preclude summary judgment. We agree.
Under the common law of premises liability, a landowner owes increasing care depending on whether the visitor is a trespasser, licensee or social guest, or business invitee. Parks v. Rogers, 176 N.J. 491, 497, 825 A.2d 1128 (2003); Hopkins v. Fox & Lazo Realtors, 132 N.J. 426, 433-34, 625 A.2d 1110 (1993); Snyder v. I. Jay Realty Co., 30 N.J. 303, 311-12, 153 A.2d 1 (1959). Here, the motion judge considered plaintiff to be defendants' social guest. According him that status under the common law, defendants should have warned plaintiff of any dangerous condition known to them and unknown to plaintiff. Hopkins, supra, 132 N.J. at 434, 625 A.2d 1110; Campbell v. Hastings, 348 N.J.Super. 264, 267, 791 A.2d 1081 (App.Div.2002); Hanna v. Stone, 329 N.J.Super. 385, 389, 748 A.2d 115 (App.Div.2000). In other words, "a homeowner has a duty to warn the unwary social guest of a condition of the premises that the homeowner knows or has reason to know creates an unreasonable risk of injury." Parks, supra, 176 N.J. at 494, 825 A.2d 1128. Of course, if "the guest is aware of the dangerous condition or by a reasonable use of his faculties would observe it, the host is not liable" because of the guest's failure to use due care. Berger v. Shapiro, 30 N.J. 89, 99, 152 A.2d 20 (1959).
The common law on premises liability in New Jersey, however, has undergone transition toward "a broadening application of a general tort obligation to exercise reasonable care against foreseeable harm to others." Hopkins, supra, 132 N.J. at *575 435-36, 625 A.2d 1110 (quoting Butler v. Acme Markets, Inc., 89 N.J. 270, 277, 445 A.2d 1141 (1982)); see also, Campbell, supra, 348 N.J.Super. at 268, 791 A.2d 1081. Although the common law premises liability rules continue "to provide guidance in determining whether a duty of reasonable care should be imposed in particular circumstances [ ]", Ocasio v. Amtrak, 299 N.J.Super. 139, 149, 690 A.2d 682 (App.Div.1997), the task now is to consider all the surrounding circumstances to determine whether it is fair and just to impose upon the landowner a duty of reasonable care commensurate with the risk of harm. Brett v. Great Am. Recreation, Inc., 144 N.J. 479, 509, 677 A.2d 705 (1996). In assessing whether imposition of such a duty would be fair and just, courts weigh and balance the following four factors: (1) the relationship of the parties, (2) the nature of the attendant risk, (3) the opportunity and ability to exercise care, and (4) the public interest in the proposed solution. Hopkins, supra, 132 N.J. at 439, 625 A.2d 1110; Ocasio, supra, 299 N.J.Super. at 149-50, 690 A.2d 682; Campbell, supra, 348 N.J.Super. at 269, 791 A.2d 1081.
Measured by this standard, we conclude sufficient foreseeable harm was present to raise a jury question regarding defendants' breach of the obligation to exercise reasonable care. In this regard, negligence can occur from failure to light premises "to protect from injury by reason of dangerous conditions which would not reasonably be discovered in the absence of such light, as for example, in the case of the ... difference in floor levels." Campbell, supra, 348 N.J.Super. at 270-71, 791 A.2d 1081 (internal citations omitted). Indeed, a "safely designed and constructed walkway, ... or room in a house can become dangerous if poorly illuminated." Id. at 271, 791 A.2d 1081.
In Campbell, a seventy-five year old woman arrived at her friend's home, where she had never visited before, entered through the front door into a sunken foyer and proceeded to the back of the foyer and up two steps into the family room. After visiting for awhile, the defendant took the plaintiff through a different pathway into the same sunken foyer. It was dark outside and the light in the foyer had not been turned on. The defendant did not mention that there were two steps leading down to the foyer, and as plaintiff stepped forward, she fell into the sunken foyer. 348 N.J.Super. at 266, 791 A.2d 1081. Although the sunken foyer contained no defect, we concluded the risk of harm presented by the unlit foyer should have been reasonably foreseeable under these circumstances. Id. at 271, 791 A.2d 1081.
In Nelson v. Great Atlantic & Pacific Tea Co., 48 N.J.Super. 300, 137 A.2d 599 (App.Div.1958), we considered an appeal from a plaintiff who tripped and fell in the defendant's parking lot as she walked toward the store intending to make some purchases. Id. at 302, 137 A.2d 599. The plaintiff knew her foot stumbled on something, but she did not know what because it was dark outside, and the defendant had failed to replace a broken light. Id. at 303, 137 A.2d 599. We concluded that, under the circumstances, a jury question was present, because regardless of the object she tripped over, if the property were not adequately illuminated, defendant would be liable. Id. at 307, 137 A.2d 599.
The failure to provide lighting in an area that poses a danger to social guests was also recognized as a basis for the imposition of premises liability in Parks v. Rogers, supra. There, a social guest sustained injuries after falling down a dark stairway with a short railing. 176 N.J. at 494, 825 A.2d 1128. In finding that genuine *576 issues of material fact precluded summary judgment, the Supreme Court reasoned:
Viewing the evidence in the light most favorable to plaintiff, a reasonable trier of fact could conclude that defendants[]... who owned the beach house before, during, and after the installation of the stairway, as well as their son[ ]... knew of the inadequate length of the handrail, and that they knew the defective condition posed an unreasonable risk of injury to a social guest unfamiliar with the premises. Plaintiff visited the beach house for the first time on the evening of the accident. She did not know that the handrail did not extend the full length of the stairway because she ascended and descended the stairs in darkness. Defendant ... knew or had reason to know of the defective handrail and yet he failed to provide lighting or a warning to plaintiff.
[Id. at 502, 825 A.2d 1128.]
To be sure, plaintiff here had visited defendants' home before, but we do not view this fact as dispositive of the liability issue. In Campbell, supra, there was some dispute over what the plaintiff actually knew regarding the foyer's location and exactly how dark the premises were. 348 N.J.Super. at 269, 791 A.2d 1081. And, in Parks, supra, there was evidence that the plaintiff, although a first-time visitor, had become acquainted with the banister when she had ascended the stairs without incident prior to her unfortunate fall later in the evening. 176 N.J. at 503, 825 A.2d 1128.
In this case, although plaintiff had visited defendants' home in the past, it is disputed whether he had previously used the front porch, and thus, a fact issue exists as to whether plaintiff was aware of the condition of the step and walkway or by reasonable use of his faculties should have observed it. Tighe v. Peterson, 175 N.J. 240, 241, 814 A.2d 1066 (2002). However, even if plaintiff had previously used the steps, given the unevenness in riser heights and the lack of a handrail, a trier of fact could reasonably find that they presented a foreseeable and unreasonable risk of harm when unilluminated. And given the modest effort that would satisfy reasonable care to guard against dangers caused by darkness, Campbell, supra, 348 N.J.Super. at 271, 791 A.2d 1081, we conclude that imposition of such a duty in this instance would be neither unjust nor unfair.
With genuine issues of material fact in dispute, plaintiff was entitled to submit his case to a jury. Accordingly, the summary judgment in favor of defendants is reversed, and the matter is remanded for proceedings consistent with this opinion.
Reversed and remanded.
NOTES
[1] Judge Grall did not participate in oral argument. However, with the consent of counsel, she has joined in this opinion. R. 2:13-2(b).
[2] Plaintiff's wife, Marcy Sussman, sues per quod.