**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0055-17T2

JANE ECCLESTON,

     Plaintiff-Appellant,

v.

MEYER GOLD and NATHAN
HABER, as partners trading as
GOLD ENTERPRISES, a
partnership of the State of New
Jersey; GOLD ENTERPRISES,
a general partnership, organized
and existing under the laws of
New Jersey; SOUTHBROOK
GARDENS; SALEM
MANAGEMENT COMPANY;
GOLD HABER a/k/a HABER
GOLD and DEVELOPERS
FUNDING COMPANY,

     Defendants-Respondents.

_____

     Argued November 7, 2018 – Decided December 17, 2018

     Before Judges Fisher and Suter.

     On appeal from Superior Court of New Jersey, Law Division, Ocean County, Docket No. L-1974-14.

John T. Rihacek argued the cause for appellant (Pavliv & Rihacek, LLC, attorneys; John T. Rihacek, on the brief).

Thomas J. Coffey argued the cause for respondents (Donnelly Minter & Kelly, LLC, attorneys; Patrick B. Minter, of counsel; Thomas J. Coffey, on the brief).

PER CURIAM

Plaintiff Jane Eccleston appeals an order granting summary judgment that dismissed her complaint against defendants Meyer Gold, Nathan Haber, Gold Enterprises, Southbrook Gardens, Salem Management Company, Gold Haber a/k/a Haber Gold, and Developers Funding Company for personal injury damages arising from a slip and fall accident. She also appeals the denial of reconsideration. Because defendants had no duty to plaintiff, we agree that summary judgment was appropriately granted.

We summarize and consider the factual record in a light most favorable to plaintiff. R. 4:46-2(c); Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). Defendants own and manage Southbrook Gardens Apartments in Eatontown. Plaintiff was a tenant on February 8, 2014. At about noon that day, plaintiff walked out to her car parked along Southbrook Drive. It had snowed a few days earlier. Plaintiff crossed over the grass strip between the sidewalk and the street where her car was parked, using a path through the snow made by a

neighbor. This was the shortest distance between plaintiff's apartment and her car. She came back home at eight p.m., parking in the same spot. She used the same path to return to her apartment, noticing this time that it was slippery. About forty-five minutes later, she walked out to her car to obtain her owner's manual and used the same path, which still was slippery. Plaintiff claimed she slipped and fell on the path when returning to her apartment, suffering injuries. She reported the accident two days later to the apartment's leasing agent.

Plaintiff filed a complaint in June 2014 seeking compensation for personal injuries sustained in the fall. She alleged defendants failed to inspect, repair or maintain the property for the presence of ice and snow. The complaint also alleged defendants violated "[N.J.A.C.] 5:10-1.1 et seq."

During discovery, plaintiff's engineering expert said the accident site was in a hazardous condition when plaintiff slipped. He alleged the property maintenance code for Eatontown and regulations for maintenance of hotels and multiple dwellings required snow and ice to be cleared from sidewalks, walkways and stairways to allow tenants safe access to parking areas, but he acknowledged the path used by plaintiff was not one of these.

Defendants filed a motion for summary judgment. Plaintiff opposed, alleging she had to use the path "as the intersecting corners of the complex's

roads were low areas that had iced over." She claimed a nearby intersection was icy although she did not walk over to check it. Plaintiff alleged the ice formation at the intersection was due to "poor water runoff control where the apartment complex's roads meet."

The trial court granted summary judgment to defendants. In its written opinion, the court found defendants were "not negligent in either their actions or omissions relating to the maintenance of the cleared path through the snow and on the grass." The court rejected plaintiff's argument about the lack of handicapped parking under N.J.S.A. 55:13A-7.3 as "irrelevant" because plaintiff did not make this claim in her complaint or answers to discovery. The court found the path was not "created or maintained" by defendants. It was "an obvious and known dangerous condition apparent to plaintiff." The court held that defendants owed no duty of care to plaintiff because "she knew the path was created by her neighbor and the footing was slippery even on the date of the accident." Her argument that using the path was safer was not supported. Based on the lack of duty, defendants' argument that plaintiff's expert report constituted a net opinion was moot.

Plaintiff's motion for reconsideration was denied because she "[could not] overcome the case law which clearly state[d] the [d]efendants (landowners) did

4

not owe [p]laintiff (as business invitee) a duty of care if [p]laintiff already knew of the known dangerous condition." Plaintiff never disputed that she knew a neighbor shoveled the path nor that it was slippery when she used it before her fall.

On appeal, plaintiff argues there was no safe access to her car and the path provided the "only reasonable and logical alternative route . . . to avoid the hazardous iced over sidewalk corners that could not be safely traversed." She claimed defendants' maintenance personnel were on notice of the iced over sidewalk corners because in the past they would shovel out paths in the snow banks to avoid the iced over areas; they could have salted the areas, used cardboard to prevent "freeze over and . . . traction" or sand for "foot traction."

Plaintiff claims defendants violated N.J.S.A. 55:13A-7.3 of the Hotel and Multiple Dwelling Law by not providing handicapped parking for her close to her apartment or a safe place to park. She claims she should not have to use the sidewalk to the "corner of the apartment block" to then walk out in the open street to access her car.

We review a court's grant of summary judgment de novo, applying the same standard as the trial court. Conley v. Guerrero, 228 N.J. 339, 346 (2017). Summary judgment must be granted if "the pleadings, depositions, answers to

interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016) (quoting R. 4:46-2(c)).

The landlord of a multi-family premises has a duty to maintain all parts of the premises in good repair and in a safe condition. Dwyer v. Skyline Apartments, Inc., 123 N.J. Super. 48, 51 (App. Div. 1973). The duty is to "exercise reasonable care." Id. at 52. A landlord owes a duty "to exercise reasonable care to guard against foreseeable dangers arising from use of those portions of the rental property over which the landlord retains control." Scully v. Fitzgerald, 179 N.J. 114, 121-22 (2004). In Stewart v. 104 Wallace St., Inc., 87 N.J. 146, 160 n.7 (1981), the Court indicated that an apartment building is "commercial" for purposes of the duty to maintain abutting sidewalks.

A landowner's duty to a business invitee is to "'conduct a reasonable inspection to discover latent dangerous conditions' as well as 'to guard against any dangerous conditions . . . that the owner either knows about or should have discovered.'" Parks v. Rogers, 176 N.J. 491, 497-98 n.3 (2003) (quoting Hopkins v. Fox & Lazo Realtors, 132 N.J. 426, 434 (1993)). "[F]oreseeability

is one constant that plays a significant role in fixing a landowner's duty[.]" Vega by Muniz v. Piedilato, 154 N.J. 496, 501 (1998).

Generally, there is no duty by a landowner to warn of a known dangerous condition of property of which "the guest is aware . . . or by reasonable use of the facilities would observe it." Tighe v. Peterson, 175 N.J. 240, 241 (2002) (social guest, aware of the depth, dove into the shallow end of the pool); Vega, 154 N.J. at 509 (trespasser jumping over an open air shaft); Mathews v. Univ. Loft Co., 387 N.J. Super. 349, 356 (App. Div. 2006) (in products liability action, danger of falling from a loft bed was a risk that was "open and obvious"). The obligation to make a condition safe or give reasonable warning "ordinarily does not exist where the invitee knows of the condition and realizes the risk." Pearlstein v Leeds, 52 N.J. Super. 450, 459 (App. Div. 1958). In Sussman v. Mermer, 373 N.J. Super. 501, 505 (App. Div. 2004), we noted that "if 'the guest is aware of the dangerous condition or by a reasonable use of his faculties would observe it, the host is not liable' because of the guest's failure to use due care." Ibid. (quoting Berger v. Shapiro, 30 N.J. 89, 99 (1959)). However, there are exceptions to this rule, "as in the case of icy steps or an otherwise dangerous surface which of necessity has to be traversed as the only reasonable means of

A-0055-17T2

essential passage." Pearlstein, 52 N.J. Super. at 459; see W. Prosser, Handbook of the Law of Torts § 61 at 394-95 (4th ed. 1971).

Plaintiff was well aware that the path was slippery. She admitted it was slippery at eight p.m. when she returned to her apartment and then forty-five minutes later when she went back out to her car. Defendants did not create the path. They did not require her to use this path to her car or to park in this location. Plaintiff did not explore any other options once she knew this path was slippery. She apparently did not move her car to another area that could have been safer, even if the nearest intersection was icy. Plaintiff acknowledged that the sidewalks were clear of snow.

The cases cited by plaintiff are distinguishable. In Williams v. Morristown Memorial Hosp., 59 N.J. Super. 384, 391-92 (App. Div. 1960), a plaintiff tripped and fell over a low wire fence he did not see that was there to prevent people from crossing a grass strip. Here, plaintiff was well aware of the slippery condition before her fall.

In Bedell v. St. Joseph's Carpenter, 367 N.J. Super. 515 (App. Div. 2004) we held that a commercial landowner could have liability for "injuries sustained by a pedestrian on the grass strip between the sidewalk and curb in front of its building" because visitors had to cross the grassy strip, it was dark and there

A-0055-17T2

was no street lighting. However, in <u>Chimiente v. Adam Corp.</u>, 221 N.J. Super. 580 (App. Div. 1987), a shopping center was not liable to a plaintiff injured on a dirt path used by pedestrians when the store provided other ways to access its parking lot safely. Because it was not reasonably foreseeable that plaintiff would repeatedly use the slippery path without considering other alternatives for her safety, and because defendants did not require her to use this path or park in this location, we agree with the trial judge that defendants did not have a duty to plaintiff and that summary judgment was appropriate.

Plaintiff alleges the trial court did not consider N.J.S.A. 55:13A-7.3 before it dismissed her case. That statute provides that an owner of a multiple dwelling, which provides parking to the occupants, "shall provide parking spaces for occupants who have physical disabilities located at the closest possible proximity to the principal accesses of the multiple dwelling." She alleged defendants did not provide her a parking space near to her apartment even though she had a disabled parking permit from the Motor Vehicle Commission and walked using a cane. Plaintiff did not reference N.J.S.A. 55:13A-7.3 in her complaint although she did reference N.J.A.C. 5:10-1.1 generally, which are the regulations for the maintenance of hotels and multiple dwellings. She also raised the parking spot issue in opposition to defendants'

9

motion for summary judgment.[1] However, plaintiff never made clear where the parking spot should have been that would have allowed her access to her residence, or that she had to park where she did because of the absence of a handicapped parking spot.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[1] N.J.A.C. 5:10-24.4(a) mirrors the statutory requirement set forth in N.J.S.A. 55:13A-7.3.

A-0055-17T2