**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0702-22

NOBUYO SEKIGUCHI,

    Plaintiff-Appellant,

v.

HIDEAKI TOKUMITSU,
YAMATO TRANSPORT USA,
INC., YAMATO HOLDINGS CO.
LTD., RICHARD BRANCA
FAMILY, LP, and MURRAY
HILL PARKWAY FLEX
BUILDINGS, LLC,

    Defendants-Respondents,

and

YAMATO TRANSPORT USA,
INC., and HIDEAKI TOKUMITSU,

    Third-Party Plaintiffs-
    Respondents,

v.

HITACHI CAPITAL AMERICA
CORP.,

Third-Party Defendant.

_____

Argued March 12, 2024 – Decided May 17, 2024

Before Judges Enright, Paganelli and Whipple.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-4328-20.

Raquel Romero argued the cause for appellant (Law Office of Raquel Romero, attorneys; Raquel Romero and Mary Ann Serino, on the briefs).

Robert Francis Ball argued the cause for respondents Yamato Transport U.S., Inc., and Hideaki Tokumitsu (Cipriani & Werner, PC, attorneys; Michael D. Pugliese, Jr., on the brief).

Cynthia J. Birkitt argued the cause for respondents Richard Branca Family, LP, and Murray Hill Parkway Flex Buildings, LLC (Law Offices of James H. Rohlfing, attorneys; Cynthia J. Birkitt, on the brief).

PER CURIAM

Plaintiff Nobuyo Sekiguchi (Sekiguchi) appeals from three orders executed on September 29, 2023. The orders: (1) denied Sekiguchi's second motion for reconsideration of an order granting defendants Hideaki Tokumitsu (Tokumitsu) and Yamato Transport U.S. Inc. (Yamato) summary judgment; (2) granted defendants Richard Branca Family Limited Partnership i/p/a Richard Branca Family, LP (Branca) and Murray Hill Parkway Flex Buildings LLC

(Murray Hill) summary judgment; and (3) granted reconsideration of and vacated an order that extended discovery. We affirm.

We glean the facts and procedural history from the motion records. Branca was the owner of commercial property located in East Rutherford. Murray Hill held a ground lease for the property and leased the property to Yamato. Yamato operated an international freight forwarding company on the property. As part of the operation, Yamato's customers brought their goods to the facility "to be packaged and shipped by Yamato."

On December 6, 2018, Sekiguchi visited the facility to ship packages. She was instructed to back her car up on to a ramp to unload her goods. A Yamato employee assisted Sekiguchi with unloading her goods and bringing them into the warehouse near a scale for weighing and packing.

Tokumitsu, another Yamato employee, approached Sekiguchi and asked her to move her car from the ramp. Sekiguchi complied and parked her car in a nearby parking space. Tokumitsu then backed a van up the ramp. Tokumitsu exited the van and went to the rear of the van to open the van's back door so he could load boxes. He approximated there were twelve inches on either side of the van to the ramp's edge.

3

Sekiguchi returned to the ramp area. She testified she did not forewarn or "call out" to anyone as she proceeded to walk up the ramp. Tokumitsu opened the right rear door of the van. Sekiguchi was struck by the van door and was caused to fall from the ramp to the ground.

Sekiguchi filed her initial complaint in July 2020. She amended her complaint in February 2021, alleging: (1) a motor vehicle accident—Tokumitsu negligently and carelessly opened the van door striking her; (2) premises liability—Yamato owed Sekiguchi a duty to maintain its business premises in a reasonably safe condition; a duty to warn Sekiguchi of any dangerous conditions; and Yamato was negligent in their mode of operation; and (3) Branca leased the property to Yamato and Branca failed to maintain the property in a safe condition.

After a period of discovery, in February 2022, Yamato and Tokumitsu moved for summary judgment. On March 18, 2022, the trial court granted Sekiguchi's unopposed motion to extend the discovery end date and permission for Sekiguchi to conduct a site inspection. The site inspection was conducted the following month.

On April 22, 2022, the trial court heard oral arguments on Yamato's and Tokumitsu's motion for summary judgment. The trial court granted the motion.

A-0702-22

As to the allegation of a motor vehicle accident, the court noted Sekiguchi's argument was that because there was a "loading-unloading aspect" of the van, it brought the incident "into the realm of a motor vehicle accident." However, in granting summary judgment, the trial court determined Sekiguchi's "evidence d[id] not support a motor vehicle accident."

Regarding the allegation that Yamato's mode of operation caused Sekiguchi's injury, the trial court noted Sekiguchi argued that "allowing for the self-help type of activity for customers to ship their boxes or merchandise" implicated the mode of operation's "presumption"; "analysis"; and "burden of proof." However, the court determined "[t]he mode of operation d[id] not apply in the absence of any nexus between th[e] self-service aspect of [Yamato]'s business and [Sekiguchi]'s injury."

As to the allegation of premises liability, the trial court noted the complaint only made allegations against Branca—the property owner and lessor—the movants were Yamato and Tokumitsu. Nonetheless, "in the event . . . [Sekiguchi] were to argue . . . [the count] included" Yamato and Tokumitsu, the judge found "no evidence in th[e] record to show that any premises liability duty of care [was] violated by" Yamato and Tokumitsu.

5

On May 11, 2022, Sekiguchi filed a motion for reconsideration of the order granting Yamato and Tokumitsu summary judgment. In addition, on May 27, 2022, the trial court executed an unopposed order permitting Sekiguchi to make another site visit.

On August 5, 2022, the trial court entered an order denying Sekiguchi's motion for reconsideration of the April 22, 2022 order granting summary judgment. In a seventeen-page written opinion accompanying the August 5 order, the trial court addressed Sekiguchi's arguments that summary judgment was improperly granted because the court: (1) decided "a moving violation must be involved to find motor vehicle responsibility" and (2) "incorrectly decid[ed] the question of premise liability."

On the issue of motor vehicle liability, the trial court noted the judge considered that Sekiguchi alleged Tokumitsu's negligence was his "opening the van . . . door on a loading ramp in a warehouse without checking to see if a pedestrian was approaching." The trial court observed that in granting summary judgment, "[t]he judge found [Tokumitsu] had no duty in that circumstance." On reconsideration, the trial court further concluded "Tokumitsu had no duty to [Sekiguchi] to check for her presence before opening his van door. A reasonable person would not anticipate a pedestrian in that location and situation."

6

As to reconsideration of the dismissal of the premises liability count, the trial court stated Sekiguchi's "main argument . . . [wa]s that she intended to conduct further discovery." "Although the [trial court noted the] discovery argument [wa]s newly raised, th[e] court considered it and rejected it as a basis for vacating summary judgment."

In a second August 5, 2022 order, the trial court denied Sekiguchi an additional site visit. The court explained the May 27, 2022 order that permitted access to the site was executed when Sekiguchi's motion for reconsideration was pending. Since the trial court denied reconsideration of the order granting Yamato and Tokumitsu summary judgment, and they were no longer parties, the court found a "second site visit" was "no longer necessary."

On August 10, 2022, Sekiguchi filed a second motion for reconsideration. The second motion sought reconsideration of the August 5, 2022 order denying reconsideration of the April 22, 2022 order granting summary judgment to Yamato and Tokumitsu. On August 12, 2022, Branca filed its own motion for summary judgment.

On August 26, 2022, the trial court granted Sekiguchi's unopposed motion to extend the discovery end date and to permit another site visit. Branca moved for reconsideration of the August 26, 2022 discovery order.

7

On September 29, 2022, after hearing oral arguments on the pending motions, the trial court entered an order denying Sekiguchi's second motion for reconsideration. In that order, the court noted Sekiguchi's "prior motion for reconsideration was denied." In addition, the trial court found Sekiguchi "ha[d] not presented any new evidence or [a] materially different argument to disturb [the] prior order."

By order of the same date, the court granted Branca's motion for summary judgment, "essentially [applying the] same reasoning as [the] grant of summary judgment in favor of . . . Yamato and Tokumitsu."

With the execution of the orders denying second reconsideration of summary judgment to Yamato and Tokumitsu and granting summary judgment to Branca, the matter was resolved. Therefore, the trial court deemed further discovery unnecessary, granted reconsideration of the August 26, 2022 order extending discovery, and vacated same.

On appeal, Sekiguchi argues the trial court erred in granting summary judgment: (1) by disregarding the duty of care owed to her as a business invitee and incorrectly applying the mode of operation doctrine; (2) by improperly shifting the burden and deciding questions of fact on Yamato's and Tokumitsu's motor vehicle liability; and (3) because the discovery timeframe had not expired.

A-0702-22

We begin our discussion with a review of the principles governing our analysis. We review the grant of summary judgment de novo, applying the same legal standards as the trial court. Green v. Monmouth Univ., 237 N.J. 516, 529 (2019). Thus, we consider "whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995); see R. 4:6-2. If there is no genuine issue of material fact, we must then "decide whether the trial court correctly interpreted the law." DepoLink Ct. Reporting & Litig. Support Servs. v. Rochman, 430 N.J. Super. 325, 333 (App. Div. 2013) (quoting Massachi v. AHL Servs., Inc., 396 N.J. Super. 486, 494 (App. Div. 2007)). We review issues of law de novo and accord no deference to the trial judge's legal conclusions. Nicholas v. Mynster, 213 N.J. 463, 478 (2013). "The factual findings of a trial court are reviewed with substantial deference on appeal, and are not overturned if they are supported by 'adequate, substantial and credible evidence.'" Manahawkin Convalescent v. O'Neill, 217 N.J. 99, 115 (2014) (quoting Pheasant Bridge Corp. v. Twp. of Warren, 169 N.J. 282, 293 (2001)).

"Under the common law of premises liability, a landowner owes increasing care depending on whether the visitor is a trespasser, licensee or social guest, or business invitee." Sussman v. Mermer, 373 N.J. Super. 501, 504 (App. Div. 2004) (citing Parks v. Rogers, 176 N.J. 491, 497 (2003)). A landowner's duty to a business invitee is more onerous. "The duty owed to a business visitor 'encompasses the duty to conduct a reasonable inspection to discover latent dangerous conditions' as well as 'to guard against any dangerous conditions . . . that the owner either knows about or should have discovered.'" Parks, 176 N.J. at 497 n.3 (omission in original) (quoting Hopkins v. Fox & Lazo Realtors, 132 N.J. 426, 434 (1993)).

"The burden imposed on a plaintiff invitee is substantially altered in settings in which the mode-of-operation rule applies." Prioleau v. Kentucky Fried Chicken, Inc., 223 N.J. 245, 258 (2015). "The mode of operation rule 'is a very limited exception to the traditional rules of business premises liability.'" Jeter v. Sam's Club, 250 N.J. 240, 257 (2022) (quoting Carroll v. N.J. Transit, 366 N.J. Super. 380, 389 (App. Div. 2004)). Whether the mode of operation rule applies is a question of law. Id. at 251. "[T]he mode-of-operation rule applies when, 'as a matter of probability, a dangerous condition is likely to occur as the result of the nature of the business, the property's condition, or a

10

A-0702-22

demonstrable pattern of conduct or incidents.'" Prioleau, 223 N.J. at 260 (quoting Nisivoccia v. Glass Gardens, Inc., 175 N.J. 559, 563 (2003)). Thus, under common law or the mode of operation rule, a plaintiff must establish a dangerous condition existed on the property.

Sekiguchi's motor vehicle allegations are based in negligence. "To sustain a cause of action for negligence, a plaintiff must establish four elements: '(1) a duty of care[;] (2) a breach of that duty [;] (3) proximate cause[;] and (4) actual damages.'" Townsend v. Pierre, 221 N.J. 36, 51 (2015) (quoting Polzo v. Cty. of Essex, 196 N.J. 569, 584 (2008)). The plaintiff must establish those elements "by some competent proof." Ibid. (quoting Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 406 (2014)).

Here, the threshold question is whether Tokumitsu owed a duty of care to Sekiguchi. "The question of whether a duty exists is a question of law." Franco v. Fairleigh Dickinson Univ., 467 N.J. Super. 8, 25 (App. Div. 2021) (citing Robinson v. Vivirito, 217 N.J. 199, 208 (2014)). "Any common law duty imposed by [a c]ourt must 'satisf[y] an abiding sense of basic fairness under all of the circumstances in light of considerations of public policy.'" Estate of Narleski v. Gomes, 244 N.J. 199, 213 (2020) (second alteration in original) (quoting Hopkins, 132 N.J. at 439). For a court to impose a duty of care, "there

11

must be a foreseeable risk of harm." Franco, 467 N.J. Super. at 26 (citing J.S. v. R.T.H., 155 N.J. 330, 337 (1998)).

When determining whether one party owed a duty of care to another, foreseeability refers to

> the knowledge of the risk of injury to be apprehended. The risk reasonably to be perceived defines the duty to be obeyed; it is the risk reasonably within the range of apprehension, of injury to another person, that is taken into account in determining the existence of the duty to exercise care.
>
> [Clohesy v. Food Circus Supermarkets, Inc., 149 N.J. 496, 503 (1997) (quoting Hill v. Yaskin, 75 N.J. 139, 144 (1977)).]

"[I]n general, 'summary judgment is inappropriate prior to the completion of discovery.'" Mohamed v. Iglesia Evangelica Oasis De Salvacion, 424 N.J. Super. 489, 498 (App. Div. 2012) (quoting Wellington v. Estate of Wellington, 359 N.J. Super. 484, 496 (App. Div. 2003)). "A party challenging a motion for summary judgment on grounds that discovery is as yet incomplete must show that 'there is a likelihood that further discovery would supply . . . necessary information' to establish a missing element in the case." Ibid. (quoting J. Josephson, Inc. v. Crum & Forster Ins. Co., 293 N.J. Super. 170, 204 (App. Div. 1996)). "The party must show, with some specificity, the nature of the discovery

sought and its materiality to the issues at hand." Ibid. (citing In re Ocean Cty. Comm'r of Registration, 379 N.J. Super. 461, 478 (App. Div. 2005)).

Applying these well-established principles, we conclude there is no merit in Sekiguchi's arguments. First, summary judgment was correctly granted on premises liability because, aside from pure conjecture, Sekiguchi offered no evidence of a dangerous condition. In the absence of evidence of a dangerous condition, the mode of operation rule and common law business invitee law are inapplicable. Therefore, there can be no premises liability and summary judgment was correctly granted.

Moreover, we conclude summary judgment was correctly granted as to motor vehicle liability. We are convinced Tokumitsu owed no duty of care to Sekiguchi on the ramp. Tokumitsu could not have reasonably anticipated a risk of injury to Sekiguchi considering: (1) he was at the back of the van; (2) there were approximately twelve inches on each side of the van to the edge of the ramp; and (3) Tokumitsu had no forewarning Sekiguchi would be walking along the side of the van on the ramp. Absent Tokumitsu reasonably anticipating a risk of injury to Sekiguchi, he owed her no duty.

Next, Sekiguchi argues the court's consideration of her actions or inactions impermissibly "inverted the responsibility" from defendants to her.

13

We disagree. Sekiguchi's actions or inactions were considered solely to determine whether Tokumitsu should have anticipated her presence on the ramp, thereby creating a duty to her. Since Sekiguchi could not establish Tokumitsu owed her a duty, she could not prove he was negligent, and thus summary judgment on her motor vehicle liability claim was properly granted.

Lastly, we conclude Sekiguchi's argument that the grant of summary judgments was premature because discovery was incomplete is unavailing. First, Sekiguchi's argument focuses on a site visit, which was previously permitted. Second, some of the discovery extension orders were executed despite summary judgment having been granted. Despite the fact that multiple judges handled the parties' various motions, we are satisfied Sekiguchi had access to the site and adequate time for discovery.

To the extent we have not addressed any of Sekiguchi's remaining arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0702-22