**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5444-16T3

FATIMA MARROQUIN,

    Plaintiff-Appellant,

v.

SALVADOR A. ESPINOZA and
JOSE RAMON ESPINOZA,

    Defendants-Respondents.

_____

Argued July 16, 2018 — Decided August 2, 2018

Before Judges Whipple and Suter.

On appeal from Superior Court of New Jersey,
Law Division, Union County, Docket No. L-0969-
16.

Alan Roth argued the cause for appellant
(Bendit Winstock, attorneys; Alan Roth and Kay
A. Gonzalez, on the brief).

Michael Della Rovere argued the cause for
respondents (O'Toole, Couch & Della Rovere,
LLC, attorneys; Michael Della Rovere, on the
brief).

PER CURIAM

    Plaintiff Fatima Marroquin appeals from the July 7, 2017

order that granted summary judgment to defendants Salvador A.

Espinoza and Jose Ramon Espinoza and dismissed plaintiff's personal injury complaint. We affirm the summary judgment order.

Plaintiff and other family members were staying at the house co-owned by her cousins, the defendants, in Plainfield to celebrate Thanksgiving. Defendants are co-owners. Plaintiff testified in her deposition that on Saturday, November 28, 2014,[1] it rained and snowed, but she did not go out. She did not know if anyone had cleared ice or snow from the driveway or the walkways around the property.

On Sunday, November 29, 2014, plaintiff and her aunt went shopping around 11 a.m. They left from the rear entrance where there is access to the driveway. It was not raining but was cold. Plaintiff had no difficulty walking to the car in the driveway. They were gone about two hours. When they came back and because plaintiff was going to return to New York, she parked in the front of the property where there was a walkway from the street to the front door. She parked there "[b]ecause it was easier for us, for me to place the luggage back there and also for my mother because she has a bad leg." She and her aunt walked around to the back

---

[1] We use the same days and dates in this opinion that plaintiff used in her deposition. However, we note that November 28, 2014 was a Friday and November 29, 2014, the day of the accident, was a Saturday.

of the house to enter because "[i]t's just that we were always told to come in through the back." She had no difficulty walking on the driveway. It was not raining or snowing.

Plaintiff stayed another two hours. She, her father, and her uncle loaded the luggage in the car parked out front, using the front walkway. She had no difficulty walking out to the car with the luggage. They went back to the house to say good-by and for her mother. The others were in front of plaintiff on the sidewalk. Plaintiff testified she was about "halfway" when she said that "I felt that I stepped on something, on ice, and that's when I lost my balance and I went down" on what she said was black ice. She fell, striking her chin on the steps, and putting out both hands, breaking her right wrist. The displaced fracture subsequently was surgically repaired by "internal fixation with [a] volar interlocking plate." Plaintiff alleges she continues to have pain and limited range of motion in her wrist that limits her activities and because, she is right handed, now has difficulty writing.

Defendant Jose Espinoza was in the house when the accident happened, heard plaintiff scream and went to her assistance. He testified in his deposition that it was not raining on November 29, nor was it cold. After a snowstorm, he typically shovels and cleans "very well and I put a lot of salt." He recalled clearing

snow and putting down salt prior to Thanksgiving but it had not rained on the days just preceding Thanksgiving.

Defendant Salvador Espinoza left for work about 7 a.m. on Sunday, November 29, 2014, using the back entrance and driveway. In his interrogatory answers, he said that the front entrance was "clear and dry. It was a nice day and the weather was clear." He testified that from his vehicle, he stopped on his driveway, checked the front entrance "to see that everything was correct and dry and well." He testified that he could "see exactly everything."

He stated that it had snowed on Saturday, November 28, 2014 but "not a very strong snow." He cleaned off the snow and put down salt. It was cold. On the morning of November 29, it also was cold but "clean." Although Salvador had put down salt on November 28th, he indicated there was rain and that "since it rained, the salt, I imagine it went away."[2] He did not spread more salt on November 29 before he left for work. He learned plaintiff had fallen when he returned home from work at 6 p.m.

Plaintiff filed a personal injury complaint against defendants on March 17, 2016, seeking compensation for the injuries

---

[2] The record is not clear if the rain was on the 28th or 29th of November 2014.

A-5444-16T3

she received in the accident. Defendants' answer was filed in April 2016. In May 2017, defendants filed a motion for summary judgment. Following oral argument, on July 7, 2017, the trial court granted summary judgment to defendants and dismissed plaintiff's complaint.

There was no dispute that plaintiff was a social guest of defendants. The court found that plaintiff had not shown defendants had knowledge of the icy condition. Although the homeowner assumed that the rain may have washed away some of the salt, those facts were not sufficient, "giving all favorable inferences to the plaintiff," to find that there was "a material issue of fact that the homeowner . . . had knowledge of the condition." Without knowledge, the court granted defendants' motion for summary judgment.

On appeal, plaintiff contends that the court's order dismissing the case was in error because there were material issues of fact that precluded summary judgment. She argues that defendants knew or had reason to know about the icy condition of the walkway, that they did not exercise reasonable care to make the walkway safe or to warn of the ice. She did not have any reason to know about the icy condition or the risk involved.

A-5444-16T3

We review a court's grant of summary judgment de novo, applying the same standard as the trial court. Conley v. Guerrero, 228 N.J. 339, 346 (2017). Summary judgment must be granted if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016) (quoting R. 4:46-2(c)).

The determination of whether a duty exists is a question of law. Wang v. Allstate Ins. Co., 125 N.J. 2, 15 (1991). No one disputes that plaintiff was a social invitee of defendants.

"[U]nder our tort law, liability may depend on whether a plaintiff suffers an injury on the walk leading to the front door of a house—which is owned or controlled by the property owner—as opposed to a sidewalk abutting the property." Qian v. Toll Bros. Inc., 223 N.J. 124, 138 (2015) (citing Cogliati v. Ecco High Frequency Corp., 92 N.J. 402, 415 n.6. (1983)). "A residential homeowner has a duty to render private walkways on the property reasonably safe and—to the extent reasonable under the

circumstances—to clear snow and ice that presents a danger to known or expected visitors." Id. at 137.

As a social guest, defendants had a duty to warn of any "dangerous conditions of which the owner had actual knowledge and of which the guest is unaware." Rowe v. Mazel Thirty, LLC, 209 N.J. 35, 44 (2012) (quoting Hopkins v. Fox & Lazo Realtors, 132 N.J. 426, 434 (1993)). "A host's duty to a social guest includes an obligation to warn of a known dangerous condition on the premises except when the guest is aware of the condition or by reasonable use of the facilities would observe it." Tighe v. Peterson, 175 N.J. 240, 241 (2002).

Here, we agree with the trial judge that there was no genuine issue of fact that defendant homeowners were aware of the icy condition of the front walkway. Neither plaintiff nor defendants said that they knew of the ice prior to the fall. Plaintiff did not dispute defendants' claim that the walkway had been cleared of snow and salted on November 28, the day before her fall. No one disputed that the walkway was not used in the morning of the 29th. Defendant Salvador said that he looked at the walkaway that morning and that it was clear. Plaintiff did not testify that it rained on the 29th. Although, Salvador testified that it had rained, plaintiff did not present evidence that defendants'

reasonably should have known that the light rain would cause black ice. There was no testimony that the area typically created ice or that it had to be salted in the rain. Plaintiff had no expert to discuss the meteorological conditions or the nature of the walkway. Plaintiff did not see the ice on the walkway; she and others traversed the walkway in one direction and she fell making a return trip. Given this record, we agree with the trial judge that plaintiff did not raise any genuine issue of material fact that defendants' reasonably knew or should have known about the alleged icy condition of the walkway before plaintiff's trip and fall.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5444-16T3