**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4383-17T1

PHILLIP CEVALLOS and
DENISE MELENDEZ-
CEVALLOS, his wife,

     Plaintiffs-Appellants,

v.

STATE OF NEW JERSEY,
NEW JERSEY ATTORNEY
GENERAL'S OFFICE,

     Defendants/Third-Party
     Plaintiffs-Respondents,

v.

LIGHTING & DECORATING
COMPANY, INC. and OCEAN
RENTAL SERVICES, LLC,

     Third-Party Defendants.

_____

     Submitted April 3, 2019 - Decided May 20, 2019

     Before Judges Accurso and Moynihan.

On appeal from Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-4250-15.

Hegge & Confusione, LLC, attorneys for appellants (Michael J. Confusione, of counsel and on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondents (Melissa H. Raksa, Assistant Attorney General, of counsel; Robert J. McGuire, Deputy Attorney General, on the brief).

PER CURIAM

In this Title 59 matter, plaintiff Phillip Cevallos[1] appeals from the entry of summary judgment dismissing his complaint against defendant State of New Jersey, New Jersey Attorney General's Office. Because we agree summary judgment was properly granted to the State on the undisputed facts, we affirm.

These are the essential facts, all of which are undisputed. Plaintiff was a Hudson County Sheriff's Officer assigned to work the Fugitive Safe Surrender Program at the Jersey City Armory on November 15, 2013. He testified that when he arrived at 8 a.m., the place was very busy with lines stretching for blocks and five hundred to a thousand people waiting to get inside.

The State had transformed the armory into eighteen courtrooms, hiring a variety of outside contractors to provide necessary equipment to facilitate the

---

[1] Plaintiff's wife also sued per quod. In referring to plaintiff, we mean Phillip Cevallos.

operation, including providing a temporary auxiliary electrical supply.  One of those contractors constructed a raised walkway or platform to cover electrical wires installed to power the computer system.  The side of the platform was marked with a black and yellow warning tape.  On the morning of the last day of the program, plaintiff entered the armory from a side entrance and stepped onto a wheeled wooden dolly left near the raised walkway, which rolled out from under him causing him to fall.  He testified he was familiar with the platform having walked in the area before.  Looking forward to where he was going, he saw the dolly using his peripheral vision and thought it was part of the platform.

No one testified the State owned or controlled the dolly on which plaintiff slipped, although several witnesses acknowledged dollies were used to move equipment in and out of the armory, and one witness stated the height of the platform and the dolly appeared similar in the photograph taken after plaintiff fell.  No one, including employees of the sheriff's department, recalled seeing a dolly in the area prior to plaintiff's fall.  And no one testified that anyone from the State was made aware of the dolly being left near the platform.

A-4383-17T1

After hearing argument, Judge Galis-Menendez granted the State's motion for summary judgment. Based on the undisputed facts in the motion record, including photographs of the dolly and the platform, the judge found plaintiff had not established any physical defect in the property giving rise to a dangerous condition. Specifically, she found the dolly did not present a substantial risk of injury when used with due care for its foreseeable purpose. The judge further found nothing in the record to establish the State had placed the dolly near the walkway or had actual or constructive notice of its placement. The judge noted plaintiff had adduced nothing to show anyone had complained about the dolly before he fell and failed to show how long the dolly had been in the position it was when he stepped onto it. Thus, in addition to not being able to establish the property was in a dangerous condition, the judge further found plaintiff had failed to establish notice on the part of the State.

Plaintiff appeals, contending the evidence was sufficient to permit a reasonable jury to find a dangerous condition. He further argues summary judgment was premature because discovery was not complete on the notice issue. We disagree.

4

We review summary judgment using the same standard that governs the trial court. Murray v. Plainfield Rescue Squad, 210 N.J. 581, 584 (2012). Thus, we consider "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Liberty Surplus Ins. Corp. v. Nowell Amoroso, P.A., 189 N.J. 436, 445-46 (2007) (quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 536 (1995)).

N.J.S.A. 59:4-2 addresses a dangerous condition of public property and provides as follows:

> A public entity is liable for injury caused by a condition of its property if the plaintiff establishes that the property was in dangerous condition at the time of the injury, that the injury was proximately caused by the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred, and that either:
>
> a. a negligent or wrongful act or omission of an employee of the public entity within the scope of his employment created the dangerous condition; or
>
> b. a public entity had actual or constructive notice of the dangerous condition under section 59:4-3 a sufficient time prior to the injury to have taken measures to protect against the dangerous condition.
>
> Nothing in this section shall be construed to impose liability upon a public entity for a dangerous condition of its public property if the action the entity took to

A-4383-17T1

> protect against the condition or the failure to take such action was not palpably unreasonable.

Thus

> to impose liability on a public entity pursuant to that section, a plaintiff must establish the existence of a "dangerous condition," that the condition proximately caused the injury, that it "created a reasonably foreseeable risk of the kind of injury which was incurred," that either the dangerous condition was caused by a negligent employee or the entity knew about the condition, and that the entity's conduct was "palpably unreasonable."
>
> [Vincitore v. N.J. Sports & Exposition Auth., 169 N.J. 119, 125 (2001) (quoting N.J.S.A. 59:4-2).]

As the State did not dispute that plaintiff was injured by stepping onto the dolly, the focus on the motion was whether the dolly's placement near the platform constituted a dangerous condition and, if so, whether the State created the condition or had notice of it a sufficient time prior to the accident to correct it. The Tort Claims Act, N.J.S.A. 59:1-1 to 12-3, defines "dangerous condition" as "a condition of property that creates a substantial risk of injury when such property is used with due care in a manner in which it is reasonably foreseeable that it will be used." N.J.S.A. 59:4-1(a).

As we have elsewhere explained, "the phrase 'used with due care' does not refer to the actual activities of the parties," but to "the condition of the property itself." Daniel v. State, Dep't of Transp., 239 N.J. Super. 563, 586

(App. Div. 1990). "In deciding whether a dangerous condition exists," the question is "whether the property creates a substantial risk of injury 'to persons generally, who would use the property with due care in a foreseeable manner.'" Id. at 587 (quoting Holmes v. Oakland City, 67 Cal. Rptr. 197, 203 (Ct. App. 1968)). Thus a "plaintiff must show that the condition was one that created a hazard to a person who foreseeably would use the property . . . with due care." Ibid.

Applying that standard makes clear the trial court was correct to find plaintiff failed to establish the placement of the dolly near the temporary platform walkway rendered the dolly or the walkway in a dangerous condition to a person who foreseeably would use the walkway. As plaintiff testified, there was nothing obscuring his view of either the walkway or the dolly, which the photographs make clear are different colors with different surface textures. Plaintiff also acknowledged the walkway was trimmed with yellow and black warning tape, which he was aware of from having been on site for two weeks. As he explained, he stepped onto the dolly instead of the walkway because he

was looking forward to where he was going and, using his peripheral vision, mistook the dolly as part of the walkway.[2]

Because "it would be folly to impose a burden on a public entity to protect individuals from every conceivable risk attendant to the use of its property," the Legislature has limited liability from a dangerous condition to those instances where "the property poses a substantial risk of injury when it is used in a reasonably prudent manner in a foreseeable way." Daniel, 239 N.J. Super. at 587. Because the wheeled "wooden dolly is light brown or beige in color as opposed to the surface of the raised walkway which was black and had yellow and black warning tape on [it]," even placed next to the walkway it was only potentially dangerous, as the trial judge found, to those who did not make observations. We agree with Judge Galis-Menendez that neither the dolly nor the walkway posed a substantial risk of injury to those persons using the walkway in a reasonably prudent manner in a foreseeable way.

---

[2] We note the obvious nature of the wheeled dolly and the stationary walkway would make it difficult for plaintiff to recover against an owner without statutory immunities, that is, had he been a guest on private property when the injury occurred. See Tighe v. Peterson, 356 N.J. Super. 322, 326 (App. Div.) ("Where a guest is aware of the dangerous condition or by a reasonable use of his [faculties] would observe it, the host is not liable.") (quotation marks omitted) (quoting Endre v. Arnold, 300 N.J. Super. 136, 142 (App. Div. 1997)), aff'd o.b., 175 N.J. 240 (2002).

Even were plaintiff able to somehow establish that placement of the dolly near the raised walkway constituted a dangerous condition, he provided no proof the State put the dolly there, was made aware of its placement or that placement of the dolly or failure to move it was palpably unreasonable, that is "manifest and obvious that no prudent person would approve of its course of action or inaction," Kolitch v. Lindedahl, 100 N.J. 485, 493 (1985) (citation omitted), and certainly none sufficient to require submission to a jury, see Brill, 142 N.J. at 536. As the motion for summary judgment was heard three days before the end of the extended discovery period, and the State's motion to further extend discovery was denied by the presiding judge of the Civil Division, we reject plaintiff's argument that the motion could in any way be characterized as premature on any issue, including notice.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION